**May T. JUNG, M.D.M.P.H., Personal Representative for the Estate of Lew Gin Gee Jung, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 00–5410.**

United States Court of Appeals, District of Columbia Circuit.

Nov. 21, 2001.

Before EDWARDS and ROGERS, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

## *JUDGMENT*

PER CURIAM.

This cause was considered on the record from the United States District Court for the District of Columbia, and was briefed by counsel. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. *See* D.C. Cɪʀ. R. 36(b). It is

ORDERED and ADJUDGED that the judgment of the District Court is hereby affirmed. This case poses the simple question of whether the gain on a house

sold during the administration of an estate is treated as income to the estate or is passed through as income to the beneficiaries. The tax code very clearly treats estates like individuals while the estates are in a period of administration, thus requiring estates to file tax returns for those years. I.R.C. § 641(b). The estate can claim a deduction on its income tax for income distributed or required to be distributed currently, *see* I.R.C. § 661(a)(1), and those heirs receiving such income must recognize and pay appropriate income taxes, *see* I.R.C. § 662(a)(1). Because this estate took nearly five years to administer due to the lack of a will and disputes over who was a proper heir, the estate was properly responsible for income taxes paid on income from the sale of decedent's home while it was in a period of administration. Because the heirs were not known in the year of the home sale, the income from the home sale was not required to be distributed currently. *See* Treas. Reg. § 1–643(a)–3(a) (setting forth three exceptions, of which none apply here, to the general rule that capital gains "are ordinarily excluded from distributable net income"). Plaintiff's claim has absolutely no merit, and the District Court's grant of summary judgment to the government is affirmed. It is

FURTHER ORDERED that the Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing *en banc.* *See* D.C. Cir. R. 36(b).